IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| Plaintiff, | : |
| v. | : Civil Action No. |
| **$9,054 in U.S. CURRENCY,** | : |
| Defendant. | : |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

## THE DEFENDANTS *IN REM*

2. The defendant property consists of $9,054 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized from Brian Jefferson, on September 1, 2012, during a traffic stop of a motor vehicle near the 3600 block of Erdman Avenue, Baltimore, Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of George Vigue, Task Force Officer of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: February 1, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $9,054.00 in United States currency seized on September 1, 2012.

I, George Vigue, a Task Force Officer with the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $9,054.00 in United States currency seized on September 1, 2012, constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

a. On September 1, 2012, members of DEA Group 56 stopped a Subaru bearing Maryland registration 3AB9427 (the "Vehicle"), for a traffic violation in the 3600 block of Erdman Avenue, Baltimore, Maryland.
b. Brian Jefferson ("Jefferson") was the driver of the Vehicle.
c. The Vehicle is registered to Lanellie Burrell of Baltimore, Maryland, who was not present.
d. Detectives noticed that Jefferson appeared extremely nervous.
e. Detectives asked Jefferson if he had anything illegal in the Vehicle, and Jefferson responded that he did not.
f. Jefferson consented to a search of the Vehicle.
g. Detectives recovered a plastic bag from the glove compartment containing $9,054 in U.S. currency.
h. The style of packaging the currency in a plastic bag with bills ordered in small to large denominations is consistent with the packaging of proceeds obtained through drug trafficking.
i. Detectives recovered a small plastic bag containing approximately 1.2 grams of marijuana from the gas tank hatch.
j. Detectives seized the currency as drug proceeds.
k. Detectives arrested Jefferson and transported him to the Eastern district station.



l. During the interview at the station, Jefferson said that he is not currently employed and that he has not filed a tax return in several years.

m. Detectives asked Jefferson about the source of the seized currency, and Jefferson replied that he works "on the side" doing home improvement work. Jefferson was unable to provide the names of any clients who could verify his employment.

n. Jefferson said that he was transporting the currency because he was on his way to purchase a vehicle.

o. Jefferson said that he does not use a bank account, so he did not have bank receipts confirming a withdrawal.

p. A criminal history check was conducted on Jefferson. Jefferson has numerous arrests for state drug violations.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION, IN REFERENCE TO THE SEIZURE OF $9,054.00 U.S. CURRENCY FROM BRIAN JEFFERSON ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

George Vigus
Task Force Officer
Drug Enforcement Administration

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: February 1, 2013

_____
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | February 1, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $9,054 U.S. CURRENCY**<br><br>**Civil Action No.**<br><br>**CATS ID 12-DEA-570981 – GC-12-0193** |

    The United States has filed a forfeiture action against **$9,054 U.S. CURRENCY.** A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.


Attachment

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN |
|---|---|
| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
| DEFENDANT<br>$9,054 U.S. Currency | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | 12-DEA-570981 / GC-12-0193 |
| | ADDRESS (Street or RFD, Apartment No., City, State, and ZIP Code) |

| SEND NOTICE OF SERVICE TO REQUESTER AT NAME AND ADDRESS BELOW: | |
|---|---|
| Naquita C. Ervin, FSA Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland  21201 | Number of process to be served with this Form - 285 |
| | Number of parties to be served in this case |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Address, All Telephone Numbers, and Estimated Times Available For Service*)

Arrest property.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of : | TELEPHONE NUMBER<br>410-209-4800 | DATE<br>2/1/13 |
|---|---|---|
| [signature] | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY - DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated.<br>(*Sign only first USM 285 if more than one USM 285 is submitted*) | Total Process<br>No. ___ | District of Origin<br>No. ___ | District to Serve<br>No. ___ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc. at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (*See remarks below*).

| Name and title of individual served (*If not shown above*). | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (*complete only if different than shown above*) | Date of Service | Time<br>am<br>pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges<br>(*including endeavors*) | Forwarding Fee | Total Charges | Advance Deposits | Amount Owed to US Marshal or | Amount or Refund |
|---|---|---|---|---|---|---|

REMARKS:

PRIOR EDITIONS MAY BE USED   SEND  ORIGINAL + 2 COPIES  to USMS.

1. CLERK OF  COURT  2. USMS Record 3. Notice of Service  4. Billing Statement  5. Acknowledgment of Receipt